# CIRCUIT COURT OF LOUDOUN COUNTY

Jon Bachelder
and Diane Bachelder

    v.

Joseph K. Statkus et al.

September 16, 1998

Case No. (Chancery) 20899

BY JUDGE JEAN HARRISON CLEMENTS

    This case came before the Court on August 7, 1998, upon the Motion to Dismiss and Demurrer of Defendants, by counsel. Arguments were presented, and the case was taken under advisement by the Court.

    The issues involve the Plaintiff, Diane Bachelder, and Count II of the Motion for Judgment. The first issue is whether there is a misjoinder pursuant to Va. Code Ann. § 8.01-5 (Michie 1992). The second issue is whether a cause of action is stated upon the facts alleged.

    The Plaintiff, Jon Bachelder, alleges negligence in professional care and treatment by the defendants and seeks recovery on the basis of this cause of action for physical pain and mental anguish, permanent disability, and medical expenses. The Plaintiff, Diane Bachelder, alleges that she is the wife of Plaintiff, Jon Bachelder, and as a result of the negligent, wrongful, and careless acts and omissions of Defendants in the treatment of her husband, she has suffered emotional distress causing her to suffer physical pain and great mental anguish, and she has been in the past and will in the future be prevented from transacting her business due to said emotional distress. The nature of the causes of action are separate and distinct, and therefore, the Court determines that there is misjoinder and that the ends of justice require that the Plaintiff, Diane Bachelder, should be dropped.

The second issue is of greater consequence. The Defendants argue first that the Demurrer must be sustained because the Motion for Judgment alleges the Defendants owe a duty to Mrs. Bachelder as wife of Plaintiff Jon Bachelder, Plaintiff-Wife, and as such is insufficient in law. Further, they argue that to support a cause of action for emotional distress where a duty exists, there must be physical injury alleged (and proven), and there is not in this case. Defendants argue the Plaintiff-Wife fails to allege physical injury, and therefore, Count II of the Motion for Judgment is insufficient to support a claim for damages.

The first issue is the question of legal duty owed by the Defendants to the Plaintiff-Wife. Mrs. Bachelder alleges emotional distress, physical pain, and mental anguish as a *direct result* (emphasis added) of negligent acts and omissions to her Plaintiff husband. The Virginia Supreme Court has already decided that no cause of action exists for mental and emotional stress or physical injury suffered by one who merely witnesses an event giving rise to the direct injury of another.

> A plaintiff, in an action for negligence, may [not] recover damages for physical injuries resulting from fright or shock caused by witnessing injury to another, allegedly occasioned by the negligence of a defendant toward a third person, or caused by seeing the resulting injury to a third person after it has been inflicted through defendant's negligence.

*Hughes v. Moore*, 214 Va. 28, 34, 197 S.E.2d 213 (1973).

The Court reiterates this finding in *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982), while distinguishing between a mere witness to a tortious conduct from a derivative party in a cause of action. The parents in *Naccash*, clearly establish a breach of duty which was the negligent mislabeling of the (parent) father's blood work. The case, involving a parent-child relationship, further establishes a causal connection between the breach of duty and the claimed injury.

In the cases of *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982); *Modaber v. Kelly*, 232 Va. 60, 348 S.E.2d 233 (1986); and *Bulala v. Boyd*, 647 F. Supp. 781 (W.D. Va. 1986), cited by the Plaintiff, the causes of action are derivative, although *Modaber* concludes that an unborn child, or stillborn child, is not "a person" and that the injury was to the plaintiff, mother. Each case involves the parent-child relationship. In each case, the Court determines a duty to the parent based upon that relationship. While this court agrees that in Virginia the Supreme Court has been modifying the rule of *Hughes v.*

*Moore*, to date it has done so only in parent-child cases where it appears clear that rights, responsibilities, and duties attach. As earlier stated, Mrs. Bachelder alleges a derivative status of "wife" as the basis of her cause of action and a duty owed to her by the Defendants. No such clear rights, responsibilities, and duties exist in the husband-wife relationship. This Court is unwilling to create such a duty.

For the sake of argument, had the Court found a duty owing to Mrs. Bachelder, she does not allege a physical injury as a result of emotional distress as contemplated in two of the cited cases, *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973), and *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974). *Hughes* concluded that if alleged and proven by clear and convincing evidence, where there was no physical impact but emotional distress to the plaintiff in which physical injury was the natural result of fright or shock proximately caused by the defendant's tortious conduct, plaintiff could recover.

In *Naccash*, the Court opines an exception to the general rule that damages for emotional distress are not recoverable unless they result directly from tortiously caused physical injury, as stated in *Hughes*. However, essential to a cause of action there must still be the existence of a legal duty owed to the plaintiffs and a breach of that duty, a showing of a causal connection between the breach of duty and any claimed injury or damage, and the existence of actionable injury, meaning direct, rather than indirect, injury.

The *Womack* case acknowledges that, in an emotional distress case where there is negligence but no injury, there can be recovery if there is:

1. Intentional or reckless action;

2. Outrageous and intolerable action;

3. A causal connection between the conduct and the emotional distress, and;

4. The emotional distress is severe.

There are no such allegations in this case.

Two cases cited by Plaintiff appear to have little, if any, applicability to the issues at bar, *Fairfax Hospital System v. McCarty*, 244 Va. 28, 419 S.E.2d 621 (1992), and *Hutton v. Burke and Herbert Bank & Trust Co.*, Circuit Court of Loudoun County, at Law No. 19842.

The Court therefore sustains the Demurrer.